# In the United States Court of Federal Claims

No. 15-505 C
(Filed: October 28, 2015)

**NOT FOR PUBLICATION**

FILED
OCT 28 2015
U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| PATRICK A. WHITE, SR., | ) ) ) |
| Plaintiff, | ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) ) |
| Defendant. | ) ) |

Patrick A. White, Sr., Huntsville, Tex., pro se.

James W. Poirier, Trial Attorney, with whom were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Robert E. Kirschman, Jr., Director, and Franklin E. White, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.

## OPINION and ORDER

CAMPBELL-SMITH, Chief Judge

On May 15, 2015, plaintiff, Patrick A. White, Sr., filed a complaint in which he appears to name McDonald's Corporation ("McDonald's Burger Corporation"), Mars, Inc. ("the Mar's/M&M's Candy Corp.") and the Better Business Bureau of New York as defendants.[1] Compl. 2,[2] ECF No. 1. On that same day, Mr. White also filed an Application to Proceed In Forma Pauperis. IFP appl., ECF No. 2. Mr. White is incarcerated in the state penitentiary in Huntsville, Texas. He brings his claim without

---

[1] The United States appears as defendant in the case caption according to Rule 10(a) of the Rules of the United States Court of Federal Claims (RCFC), which states that "[t]he title of the complaint must name all the parties . . . with the United States designated as the party defendant." RCFC 10(a). Mr. White did not name the United States as a defendant in his complaint, or in any document he subsequently filed.

[2] The pagination is that affixed by the court's CM/ECF system.

counsel. For the reasons explained below, plaintiff's complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g).

I.    Background

Mr. White's complaint includes three hand-written paragraphs, in which he complains of commercial advertising being broadcast over the commissary radios. Compl. 2. In addition, Mr. White refers to a lawsuit involving two defendants named in this matter, and to unspecified dissatisfaction with the Supreme Court of Texas—"Yet, we're still being taken advantage of by the Supreme Court of Texas." Compl. 2. Mr. White provides no case numbers or other means by which any particular case could be identified. Finally, according to Mr. White, "[r]ight now, and as usual, I'm being retaliated upon by bailiffs and guards. Being homosexuals." Compl. 2. The court discerns no factual allegations directed against any named defendant in this complaint.

By leave of the judge previously assigned to this matter, plaintiff filed a five-page document on July 2, 2015, which the court treats as a supplemental complaint.[3] Suppl. Compl., ECF No. 5. In this document, plaintiff complains about the representation he is receiving from James W. Poirier. See Suppl. Compl. 1. Mr. Poirier represents defendant in this matter, not Mr. White. See Notice of Appearance, ECF No. 4. Mr. White further complains that he remains incarcerated (which he regards as false imprisonment) and that he is "fighting retaliation, threats, and trauma. 'Possible death!'" Supp. Compl. 1. Mr. White provides no assertions of fact to support his conclusory allegations of harm. The bulk of this document is taken up with long string citations to authority, including numerous statutes, procedural rules, cases, executive actions, and law review articles. See Suppl. Compl. 1-5. As with plaintiff's original complaint, the court discerns no factual allegations directed against any named defendant.

On July 14, 2015 defendant filed a motion to dismiss the complaint under Rule 12(b)(1) for lack of subject matter jurisdiction, or, in the alternative, under Rule 12(b)(6) for failure to state a claim, ECF No. 8, and later filed a reply, ECF No. 11.

On July 29, 2015, Mr. White filed a two-page document, which the court accepted as his response to defendant's motion to dismiss. See Order, ECF No. 9; Pl.'s Resp., ECF No. 10. In his response, Mr. White again claims that he is falsely

---

[3]    Plaintiff titled this five-page document, "In Re: An complaint against Judge Charles F. Lettow, U.S. Court of Federal Claims; In re, 1:15cv000505-CFL." Despite this title, plaintiff offered no complaints about Judge Lettow. On July 2, 2015, Judge Lettow recused himself from this case. Order of Recusal, ECF No. 6 (citing 28 U.S.C. § 455). This case was randomly reassigned to the undersigned on that same day. ECF No. 7.

imprisoned, that he fears unnamed individuals may harm either his family or him, and that he is concerned about radio or television broadcasts. Pl.'s Resp. 1. Mr. White asserts that someone is "trying to stop me from being Muslim," but recounts no facts in support of this assertion. Pl.'s Resp. 2. And finally, Mr. White claims he is the victim of retaliation (for an unstated reason), in the form of "the heater being on[,when] it's 80 degrees." Pl.'s Resp. 2.

Mr. White twice attempted to file further documents, which the court did not accept, as the court's rules do not permit the filing of a sur-reply as a matter of right. See Order, ECF No. 12 (returning two-page document as unfiled and instructing parties that the court would accept no further briefing on defendant's motion to dismiss); Order, ECF No. 13 (returning four-page document as unfiled). Defendant's motion is fully briefed and ripe for decision.

II.   Discussion

As Mr. White is a prisoner who has not paid the court's filing fee, the court is obliged to determine whether he is entitled to proceed in forma pauperis. See 28 U.S.C. § 1915(g) (2012). A prisoner who brings suit in a federal court is subject to a limitation on proceeding in forma pauperis—commonly known as the "three strikes rule."

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A prisoner is defined as "any person incarcerated . . . in any facility who is . . . convicted of, [and] sentenced for . . . violations of criminal law." 28 U.S.C. § 1915(h).

The court's review of decisions issued in prior federal lawsuits shows that Mr. White has filed at least three complaints, while incarcerated,[4] that a Texas district court has dismissed as being frivolous or for failure to state a claim upon which relief may be granted. See Dismissal Order, White v. Tex., No. 5:10CV83 (W.D. Tex. Mar. 31, 2010), ECF No. 9 (dismissing complaint under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief may be granted), appeal dismissed, No.

---

[4]   Each case docket identifies Mr. White by his Texas Department of Criminal Justice Number, 827179, the same number by which he is identified on this court's docket.

10-50541 (5th Cir. Sept. 27, 2010); Order of Dismissal, White v. Tex. Dep't of Criminal Justice, No. 4:10CV1625 (S.D. Tex. May11, 2010), ECF No.6 (dismissing complaint under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A as frivolous, malicious, and for failure to state a claim); White v. Garcia, No. 2:10CV137, 2010 WL 3199770, at *1 (N.D. Tex. Aug. 12, 2010) (dismissing complaint under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2) as frivolous and for failure to state a claim upon which relief may be granted); see also White v. Garcia, No. 2:10CV137, 2010 WL 3199781 (N.D. Tex. July 29, 2010), ECF No. 8 (recommending dismissal of complaint under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2) as frivolous and for failure to state a claim upon which relief may be granted).

Mr. White has had at least three complaints dismissed on the grounds that the complaint was either frivolous, malicious, or failed to state a claim upon which relief may be granted, each of which he filed while incarcerated. Each dismissal thus counts as a strike under 28 U.S.C. § 1915(g). Mr. White's assertions of unspecified harm by unnamed individuals do not suggest that he is "under imminent danger of serious physical injury," thus he may not bring his complaint in forma pauperis. 28 U.S.C. § 1915(g).

Unless granted leave to proceed in forma pauperis, a plaintiff filing a complaint in this court is required to pay the filing fee, in advance. See 28 U.S.C. § 1926(b) (2012) ("The [Court of Federal Claims] may require advance payment of fees by rule."); Rule 77.1(c)(3) of the Rules of the United States Court of Federal Claims ("Fees for services rendered by the clerk must be paid in advance . . . ."). Mr. White did not pay the requisite filing fee, nor may he proceed in forma pauperis. Accordingly, Mr. White has not satisfied the requirements for maintaining a complaint in this court. See, e.g., Perry v. United States, 558 F. App'x 1010, 1010-11 (Fed. Cir. 2014) (per curiam) (dismissing appeal under 28 U.S.C. § 1915(g) for failure to pay the proper filing fee).

III.  Conclusion

Accordingly, plaintiff's complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g). The Clerk of Court will enter judgment for defendant. No costs.

Plaintiff may refile his complaint, together with payment of the court's $400.00 filing fee. The fee may be paid by check or money order payable to the "Clerk, U.S. Court of Federal Claims." Plaintiff is advised, however, that this court's jurisdiction is limited to "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012).

As Mr. White has accumulated at least three strikes under 28 U.S.C. § 1915(g), the court directs that the Clerk of Court shall not file any future complaint from this plaintiff without either (1) payment of the filing fee, or (2) written permission by a judge of this court.

IT IS SO ORDERED.

*(signature)*
PATRICIA E. CAMPBELL-SMITH
Chief Judge